IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Johnavan Elonzo Stevenson, | Civil Action No. 5:18-626-TMC |
| Plaintiff, | |
| v. | **ORDER** |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Johnavan Elonzo Stevenson ("Stevenson") brought this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits ("DIB") under the Social Security Act ("SSA"). (ECF No. 1). This matter is before the court for review of the Report and Recommendation ("Report") of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of social security cases in this district. (ECF No. 25).[1] The magistrate judge recommends that the court affirm the decision of the Commissioner to deny benefits. *Id.* Stevenson timely filed objections to the Report (ECF No. 33), and the Commissioner filed a reply to those objections (ECF No. 38). The court adopts the Report and affirms the denial of benefits.

**I. Background**

On November 23, 2015, Stevenson filed an application for DIB alleging that he became unable to work on January 31, 2014, due to "bipolar disorder and pseudofolliculitis barbae and

---

[1]The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

related complications." (ECF No. 10-3 at 2). His application was denied initially and on reconsideration. *Id.* at 11, 26. Stevenson requested a review by an administrative law judge ("ALJ"), (ECF No. 10-4 at 11), and a hearing was held before the ALJ on January 3, 2017 (ECF No. 10-2 at 31-79).

On August 18, 2017, the ALJ denied Stevenson's claims, finding him not disabled under the SSA. (ECF No. 10-2 at 8- 23). The ALJ found that Stevenson suffered from the following serious impairments: bipolar disorder and schziophrenia. *Id.* at 13. However, the ALJ found that Stevenson's impairments did not meet or were not medically equal to the criteria for any of the listed impairments. *Id.* at 14. The ALJ then proceeded to assess Stevenson's residual functional capacity ("RFC"). *Id.* at 15-21. The ALJ found that Stevenson could perform a full range of work at all exertional levels,

> but has the following nonexertional limitations: the claimant is limited to performing simple, routine tasks, but is able to maintain concentration, persistence, and pace for at least two hours at a time special supervision. He is limited to work that does not require interaction with the general public or tandem interaction with coworkers. He is further limited to low stress environment work environment that does not involve rigid and inflexible production requirements, such as assembly line work, no requirement to make complex decisions, or a requirement to adapt to frequent changes at the workstation. Any changes should not only be frequent, but also be gradually introduced

*Id.* at 15. The ALJ, therefore, denied his claims. *Id.* at 22. On January 9, 2018, the Appeals Council declined to review the ALJ's decision. *Id.* at 2-4.

Stevenson then filed this action for judicial review on March 6, 2018. (ECF No. 1). In her Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated here by reference. (ECF No. 25). The magistrate judge recommends that the court affirm the decision of the Commissioner to deny benefits. *Id.* Stevenson timely filed objections

to the Report (ECF No. 33), and the Commissioner filed a response to those objections (ECF No. 38). This matter is now ripe for review.

## II. Standard of Review

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## III. Analysis

In his objections, Stevenson fails to point to any specific portion of the Report to which he objects. (ECF No. 33). In fact, Stevenson does not refer or cite to the Report in his

objections.² Rather, he disagrees with the analysis and findings of the ALJ in several respects. Apparently dissatisfied with the Report, Stevenson has simply ignored it, attempting instead to seek re-argument and reconsideration of his entire case. Stevenson's objections lack the required specificity and are not entitled to de novo review. *See* 28 U.S.C. § 636(b)(1). Although not required to do so, the court has conducted a de novo review of the ALJ's determination that Stevenson is not entitled to disability benefits, including the findings objected to by Stevenson, and finds, for the reasons stated by the Magistrate Judge in her Report, that the ALJ's decision is supported by substantial evidence.

Stevenson implies that the ALJ erred in his consideration of his VA disability rating. (ECF No. 233 at 1-2). The magistrate judge addressed this argument in her Report, and concluded that the ALJ did not err in his assessment of Stevenson's VA disability rating. (ECF No. 25 at 12-14). In *Bird v. Astrue*, 699 F.3d 337, 343 (4th Cir. 2012), the Fourth Circuit Court of Appeals held that "in making a disability determination, the SSA must give substantial weight to a VA disability rating." However, the court also noted that "an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate." *Id.* Here, the ALJ stated that he had considered the VA's disability rating, but he only gave the rating partial weight. (ECF No. 10-2 at 20-21). The ALJ noted that the VA rating was not consistent with Stevenson's medical records, the opinions of the State Agency psychological consultants, and Stevenson's demonstrated ability to perform in an advanced academic environment. *Id.* at 21. The court agrees with the magistrate judge's determination

---

²In the last sentence of his objections, he "respectfully objects to the report." (ECF No. 33 at 4). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Johnson v. Recleim, LLC*, No. 1:17-cv-3317-JMC, 2019 WL 549119, at *2 (D.S.C. Feb. 12, 2019) (citing *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004)).

that the ALJ gave specific reasons for giving the VA rating less than substantial weight, which were supported by the record. (ECF No. 25 at 13). Accordingly, the court finds that the ALJ did not err in his assessment of Stevenson's VA disability rating.

Stevenson also contends that the vocational expert ("VE") testified that Stevenson's limitations "would preclude all competitive employment." (ECF No. 33 at 2). However, the VE was responding to a hypothetical, which included limitations that the ALJ did not ultimately find in assessing Stevenson's RFC. Accordingly, the court finds no error.

Stevenson also contends that the ALJ failed to consider his impairments in combination and his prescribed medications. (ECF No. 33 at 2-3). Further, Stevenson argues that the ALJ erred in considering his daily activities and his hallucinations. *Id.* at 3-4. The magistrate judge discusses these issues in depth in her Report (ECF No. 25 at 21-24), and the court agrees with her conclusion that the ALJ did not err and that his decision is supported by substantial evidence.

### IV. Conclusion

After a thorough review of the record, the court adopts the Report (ECF No. 25) and the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

                                                  s/Timothy M. Cain
                                                  United States District Judge

May 28, 2019
Anderson, South Carolina